Samuel R. Shielcrawt et al., Suing on Behalf of Themselves and All Other Stockholders of Corn Products Refining Company, and on Behalf of Corn Products Refining Company, Appellants, *v.* George M. Moffett et al., Defendants, and Corn Products Refining Company, Respondent.

Argued February 20, 1945; decided April 12, 1945.

The following questions were certified:

" 1: Is § 61-b of the General Corporation Law (Chap. 668 of the Laws of 1944) applicable to suits begun prior to the enactment thereof?;

" 2: Is § 61-a of the General Corporation Law (Chap. 350 of the Laws of 1941) applicable to suits begun prior to the enactment thereof?;

" 3: Is § 61-b of the General Corporation Law applicable to this litigation?;

" 4: § 61-a of the General Corporation Law applicable to this litigation?;

" 5: Does § 61-b of the General Corporation Law contravene: a) § 6 of Art. 1 of the Constitution of the State of New York; b) § 11 of Art. 1 of the Constitution of the State of New York; c) § 1 of Art. 6 of the Constitution of the State of New York;

" 6: Does § 61-a of the General Corporation Law contravene: a) § 6 of Art. 1 of the Constitution of the State of New York; b) § 11 of Art. 1 of the Constitution of the State of New York; c) § 1 of Art. 6 of the Constitution of the State of New York;

"7: Does § 61-b of the General Coropration Law contravene: a) Amendment V of the Constitution of the United States; b) Amendment XIV of the Constitution of the United States; c) Art. 1 § 10 of the Constitution of the United States;

"8: Does § 61-a of the General Corporation Law contravene: a) Amendment V of the Constitution of the United States; b) Amendment XIV of the Constitution of the United States; c) Art. 1 § 10 of the Constitution of the United States;

"9: Is application of § 61-b of the General Corporation Law to this litigation in contravention of: a) § 6 of Art. 1 of the Constitution of the State of New York; b) § 11 of Art. 1 of the Constitution of the State of New York; c) § 1 of Art. 6 of the Constitution of the State of New York;

"10: Is application of § 61-a of the General Corporation Law to this litigation in contravention of: a) § 6 of Art. 1 of the Constitution of the State of New York; b) § 11 of Art. 1 of the Constitution of the State of New York; c) § 1 of Art. 6 of the Constitution of the State of New York;

"11: Is application of § 61-b of the General Corporation Law to this litigation in contravention of: a) Amendment V of the Constitution of the United States; b) Amendment XIV of the Constitution of the United States; c) Art. 1, § 10 of the Constitution of the United States;

"12: Is application of § 61-a of the General Corporation Law to this litigation in contravention of: a) Amendment V of the Constitution of the United States; b) Amendment XIV of the Constitution of the United States; c) Art. 1, § 10 of the Constitution of the United States;

"13: Was the motion of the defendant, Corn Products Refining Company for security and a stay of this action and for other relief, made pursuant to § 61-b of the General Corporation Law, properly granted?"

*Samuel Gottlieb, I. Gainsburg* and *Oscar Schleiff* for appellants. I. A statute, whether classified as substantive or procedural, which establishes new rights or interferes with antecedent rights, will not be given retrospective operation, in the absence of an unequivocal expression in the enactment that it was so

intended. (*Hastings* v. *Byllesby & Co.* [*Granbery*], 293 N. Y. 413; *Matter of Berkovitz* v. *Arbib & Houlberg*, 230 N. Y. 261; *Jacobus* v. *Colgate*, 217 N. Y. 235; *Lewittes & Sons, Inc.*, v. *Perlow*, 254 App. Div. 94; *E. P. Lawson Co.* v. *Browne*, 43 N. Y. S. 2d 929.) II. Section 61-b of the General Corporation Law is not remedial but substantive in character. (*Life & Casualty Co.* v. *McCray*, 291 U. S 566; *Matter of Berkovitz* v. *Arbib & Houlberg*, 230 N. Y. 261.) III. A statute will not be given retrospective operation unless the legislative intent that it have such effect is so clear, strong and imperative that no other meaning can be ascribed or unless the intention of the Legislature cannot be otherwise satisfied. (*United States* v. *Heth*, 3 Cranch 398; *Hassett* v. *Welch*, 303 U. S. 303; *Neild* v. *District of Columbia*, 110 F. 2d 246; *People ex rel. Griffith, Inc.*, v. *Loughman*, 249 N. Y. 369; *People ex rel. Beck* v. *Graves*, 280 N. Y. 405; *People ex rel. Emigrant Ind. Sav. Bank* v. *Sexton*, 284 N. Y. 57; *Waddey* v. *Waddey*, 290 N. Y. 251.) IV. The use of the phrase " instituted or maintained " cannot be construed as giving this enactment retroactive effect. (*Grasso* v. *Holbrook, Cabot & Daly Co.*, 102 App. Div. 49; *Sonnesyn* v. *Federal Cartridge Co.*, 54 F. Supp. 29; *Owens* v. *Greenville News-Piedmont*, 43 F. Supp. 785; *Burbank* v. *Inhabitants of Auburn*, 31 Me. 590; *Boutiller* v. *S. S. Milwaukee*, 8 Minn. 97; *Creditors Adjustment Co.* v. *Rossi*, 26 Cal. App. 725; *Smith* v. *Lyon*, 44 Conn. 175; *Gumpper* v. *Waterbury Traction Co.*, 68 Conn. 424; *Moon* v. *Durden*, 2 Excheq. Rep. 22.) V. New legislation will not be applied to pending cases arising before its passage where it would impose an unexpected liability that, if known, might have induced those concerned to avoid it. Retroactive constructions are likewise to be avoided where such operation would cause a statute to work an injustice. That construction will be adopted which will avoid, rather than lead to hardship. (*Lewellyn* v. *Frick*, 268 U. S. 238.)

*Ralph M. Carson, Walter A. Dane* and *Samuel A. McCain* for respondent. I. Section 61-b of the General Corporation Law is applicable to suits begun prior to the enactment thereof and is applicable to this litigation. (*Weinberger* v. *Quinn*, 264 App. Div. 405, 290 N. Y. 635; *Hawes* v. *Oakland*, 104 U. S. 450.) II. Statutes dealing with procedural matters apply to pending cases in the absence of an express intention to the contrary.

(*Fisher* v. *Hunter,* 15 How. Prac. 156; *McCann* v. *Bradleys,* 15 How. Prac. 79; *Defendorf* v. *Defendorf,* 42 App. Div. 166, *Lubkin* v. *Stern,* 286 N. Y. 670; *Sackheim* v. *Pigueron,* 215 N. Y. 62; *Laird* v. *Carton,* 196 N. Y. 169; *Compton & Co.* v. *Williams,* 248 App. Div. 545; *Eagle-Picher Lead Co.* v. *Mansfield Paint Co., Inc.,* 201 App. Div. 223; *Coane* v. *American Distilling Company,* 182 Misc. 926.) III. The terminology of section 61-b itself indicates the legislative intent that it shall apply to pending actions. (*Smallwood* v. *Gallardo,* 275 U. S. 56; *Booth* v. *Montgomery Ward & Co.,* 44 F. Supp. 451; *People ex rel. Collins* v. *Spicer,* 99 N. Y. 225; *Coane* v. *American Distilling Company,* 182 Misc. 926; *Matthews* v. *Matthews,* 240 N. Y. 28; *People ex rel. Doscher* v. *Sisson,* 222 N. Y. 387; *Mayor etc.,* v. *E. A. R. R. Co.,* 118 N. Y. 389.)

*Nathaniel L. Goldstein, Attorney-General* (*Wendell P. Brown* and *John R. Davison* of counsel), in support of constitutionality of sections 61-a and 61-b of the General Corporation Law.

*Paul A. Crouch, Clarence Fried* and *Franklin S. Wood* for Chamber of Commerce of the State of New York, *amicus curiæ,* in support of position of respondents. I. Prior to enactment of section 61-b the abuses of stockholders' derivative actions were widely recognized and discussed. (34 Col. L. Rev., 1308, Extortionate Corporation Litigation: The Strike Suit; 32 Mich. L. Rev. 839 [1934], Right of Minority Stockholders to Interfere in Corporate Management; 23 Cal. L. Rev. 1–8 [1934], The Securities Exchange Act of 1934, by John Hanna, Columbia University; 35 Mich. L. Rev. 597 [1937], Stockholders Suits: A Possible Substitute, by Harris Berlack; 25 Cornell Law Quarterly, 361 [1940], Stockholders' Derivative Suits: The Company's Role, and a Suggestion, by George T. Washington; 44 Yale L. J. 535 [1935]; 49 Harv. L. Rev. 369, 395 [1936], Visitatorial Jurisdiction Over Corporations in Equity, by Dean Roscoe Pound, Harvard Law School; 47 Harv. L. Rev. 1327 [1934], Directors Who Do Not Direct, by William O. Douglas, Yale School of Law; *Brendle* v. *Smith et al.,* 46 F. Supp. 522; *Gazan* v. *Vadsco Sales Corporation,* 6 F. Supp. 568.) II. The survey and report regarding stockholders' derivative suits for the Chamber of Commerce of the State of New York shows that they have constituted a type of speculative lawyer's fee litigation in which the possible

rewards are so great and the risks so slight that the least colorable claim may be worth undertaking suit upon. III. It was undoubtedly to supplement the provisions of section 61-a and to correct the misplacement of responsibility for costs effected by that section, at least in those derivative cases not showing on their face some minimum claim to representativeness, that the Legislature in 1944 enacted section 61-b of the General Corporation Law.

*H. Lewis Brown* and *Clyde D. Sandgren* for West Virginia Pulp & Paper Company, *amicus curiæ,* in support of position of respondents. If constitutional, the legislation under attack must be applied to actions pending at the date of its enactment, since such application is not in reality to confer retrospective effect but to take the statute literally and carry out the policy that it imposes. (*Smallwood* v. *Gallardo,* 275 U. S. 56.)

*William S. Bennett* and *Victor House,* in person, *amici curiæ,* in support of the position of appellants.

LEHMAN, Ch. J. Two stockholders of Corn Products Company brought derivative actions against the corporation and some of the officers and directors of the corporation to compel the individual defendants to account for and to pay back to the corporation moneys which, it is alleged, they wrongfully caused the corporation to pay to its officers, directors and employees under a profit-sharing plan, resulting in the unjust enrichment of the individual defendants " in that they wrongfully, negligently, carelessly, fraudulently and deliberately, manipulated the accounts of Corn Products * * * by improperly computing profits before computing net profits * * *." The two actions were consolidated by order of the court on June 28, 1940. On July 3, 1940, an order was entered for the examination before trial of the individual and corporate defendants. That oral examination and the examination of the books of the corporation extended from July 16, 1940, to July 24, 1942. On August 13, 1942, the defendants demanded a bill of particulars of the plaintiffs' claim. It was served on April 22, 1943. In September, 1943, the trial of the case was adjourned to the December term because of the serious illness of one of the defendants who was secretary and treasurer of the corpora-

tion. In December, 1943, the trial was adjourned to the April 1944 term at the request of defendant's counsel. The case was marked ready at the call of the calendar in April. It was not reached for trial in April but it was assigned for trial to the first available part of the court on May 1st.

At the time the action was instituted and until April 9, 1944, a stockholder of a corporation owning a single share of stock might institute and maintain a derivative stockholders' action in behalf of the corporation, incurring, if defeated in the action, only the same liability for costs which a plaintiff, owning a substantial financial interest in the corporation, would incur if defeated in a similar action; and no stockholder bringing such an action could be compelled to give security for the expenses which might be incurred by a party plaintiff or party defendant in the successful prosecution or defense of the action. By chapter 350 of the Laws of 1941 a new section (61-a) was added to the General Corporation Law providing that in any action, suit or proceeding against one or more officers or directors of a corporation " brought by the corporation, or brought in its behalf * * * by one or more stockholders * * * the reasonable expenses, including attorneys fees, of any party plaintiff or party defendant incurred in connection with the successful prosecution or defense of such action, suit or proceeding shall be assessed upon the corporation ". The effect of that statute was to impose upon the *corporation* the burden of paying the reasonable expenses incurred by a stockholder, who successfully prosecuted an action in behalf of the corporation, as well as the expenses incurred by an officer or director, who successfully defended himself against a charge of wrong to the corporation. No additional burden was imposed by the statute upon any individual plaintiff or defendant.

The Legislature by chapter 668 of the Laws of 1944 added a new section (61-b) to the General Corporation Law, which it is said was intended to supplement section 61-a. Under the provisions of the new section, " in any action instituted or maintained in the right of any foreign or domestic corporation by the holder or holders of less than five per centum of the outstanding shares of any class of such corporation's stock * * * unless the shares * * * held by such holder or holders have a market value in excess of fifty thousand dollars, the corporation

in whose right such action is brought shall be entitled at any stage of the proceedings before final judgment to require the plaintiff or plaintiffs to give security for the reasonable expenses, including attorney's fees, which may be incurred by it in connection with such action and by the other parties defendant in connection therewith for which it may become subject pursuant to section sixty-one-a of this chapter, to which the corporation shall have recourse in such amount as the court having jursidiction shall determine upon the termination of such action. The amount of such security may thereafter from time to time be increased or decreased in the discretion of the court having jurisdiction of such action upon showing that the security provided has or may become inadequate or is excessive."

The statute adding section 61-b to the General Corporation Law became effective on April 9, 1944. The defendant corporation by notice of motion dated April 13, 1944, applied to the court, pursuant to the new statute, for an order requiring the plaintiff to give the securtiy to which it is " entitled " under the provisions of that section if the section is valid and applies to pending actions. The defendant showed that the two plaintiffs own, together, only thirty-five shares of the common stock of the corporation, having a market value of less than $2,000, out of a total of 2,530,000 outstanding shares of common stock. The amount of plaintiffs' financial gain will not be substantial, even if they succeed in establishing their cause of action and if the defendant corporate officers and directors are compelled to pay to the corporation the full amount of the loss which it is alleged the corporation suffered through their wrong. On the other hand, if the defendants succeed in their defense, the corporation under the provisions of section 61-a will be subject to liability for expenses of substantial amount incurred not only by itself but also by the individual defendants; and the corporation will have no recourse to the defeated plaintiffs for indemnity or reimbursement unless it is entitled to require the plaintiffs to give securjty as provided in section 61-b. The plaintiffs opposed the motion for an order directing them to give such security, urging that section 61-b is not intended to apply in pending actions and that it violates provisions of the Constitution of the State of New York and of the Constitution

of the United States. The court at Special Term, overruling these contentions in a careful opinion, granted the motion; and the order requiring the plaintiffs to give security in the amount of $25,000 and staying proceedings of the plaintiffs in the action, has been affirmed by the Appellate Division, two justices dissenting on the ground that section 61-b is not applicable to these plaintiffs.

The Appellate Division granted leave to appeal, certifying to us thirteen questions of law. As the dissenting judges of the Appellate Division point out in their opinion, if the statute is not intended to apply in actions pending at the time that the statute took effect, the court will not reach the question whether the statute is valid when applied to actions instituted thereafter. Chapter 350 of the Laws of 1941 adding section 61-a to the General Corporation Law expressly provides that the act " shall take effect immediately and shall apply to all such actions, suits or proceedings as may be pending and in which no final judgment has been made and entered at the time this act takes effect." Chapter 668 of the Laws of 1944, which added section 61-b, provides that " this act shall take effect immediately " and omits the unequivocal formula used by the Legislature in enacting 61-a to indicate that the act shall apply to pending actions. The problem now presented is whether legislative intention that the act shall apply to pending actions is implicit in the statute even though not expressed in unequivocal form.

In the absence of language indicating a contrary legislative intent, a remedial and procedural statute is ordinarily applied to procedural steps in pending actions, and is given retrospective effect insofar as the statute provides a change in the form of remedy or provides a new remedy for an existing wrong. " ' Where a new statute deals with procedure only, *prima facie* it applies to all actions — those which have accrued or are pending and future actions ' (Sutherland on Statutory Construction, page 630) ". (*Laird* v. *Carton,* 196 N. Y. 169, 171.) Nevertheless, as this court has said, " The general rule is that statutes are to be construed as prospective only (27 Halsbury's Laws of England, p. 159). It takes a clear expression of the legislative purpose to justify a retroactive application (citing cases). Changes of procedure, i.e., of the *form* of remedies,

are said to constitute an exception (*Lazarus* v. *Met. E. R. Co.,* 145 N. Y. 581, *Laird* v. *Carton,* 196 N. Y. 169), but that exception does not reach a case where before the statute there was no remedy whatever (citing cases)." (*Jacobus* v. *Colgate,* 217 N. Y. 235, 240.) In the recent case of *Hastings* v. *Byllesby & Co.* (*Granbery*) (293 N. Y. 413, 419), the court in considering the scope of a provision in a remedial and procedural statute that the statute should govern " *so far as practicable* in cases pending when it takes effect," said: " the courts will not give retrospective operation to a statute which interferes with antecedent rights in the absence of an unequivocal expression in the statute that the Legislature intended that the statute should have such effect."

The line between a procedural statute, which merely changes a form of remedy or provides a new remedy for an existing wrong, and a statute which interferes with antecedent rights or creates a remedy where none previously existed, is not always distinct. General principles may serve as guides in the search for the intention of the Legislature in a particular case but only where better guides are not available. We have said that they " govern in default of the disclosure by the legislature of a different intent. Nice distinctions are often necessary (*Jacobus* v. *Colgate,* 217 N. Y. 235.) The word ' remedy ' itself conceals at times an ambiguity, since changes of the form are often closely bound up with changes of the substance (citing cases). The problem does not permit us to ignore gradations of importance and other differences of degree. In the end, it is in considerations of good sense and justice that the solution must be found ". (*Matter of Berkovitz* v. *Arbib & Houlberg,* 230 N. Y. 261, 271.)

To support the argument that the statute we are considering is procedural and remedial and should be applied in actions pending when it took effect, the respondents press upon us the analogy between its provisions and provisions of other statutes regulating payment of costs or requiring in certain cases that a plaintiff furnish security for costs. The analogy is imperfect. Liability for the payment of costs and expenses in a judicial proceeding is ordinarily measured in accordance with the statute in effect at the time when costs and expenses are fixed by order or by judgment of the court, even though the proceeding may have been initiated before the statute took effect;

but where that rule has been applied the purpose and effect of the statute was *only* to regulate costs and the statute applied alike to all plaintiffs and to all defendants in specified judicial proceedings. (Cf. *Lubkin* v. *Stern,* 286 N. Y. 670.) The statute we are considering differs from such purely procedural statutes, both in purpose and effect. We have an official declaration that it represents " an effort to meet the problem created by the baseless so-called ' strike ' stockholders suits against corporation directors and officers " and that " it does not bar any action; it does not bar any right. It simply requires that the plaintiff represent a certain minimum of interest in the corporation or that he put up security for the costs and expenses which will be incurred if his case is determined to be unfounded." (Memorandum of the Governor approving the legislation.) Even though it be true that the Legislature has not barred an action brought by a plaintiff who represents less than the specified minimum of interest, it has decreed, *as a solution it deems reasonable of the problem created by " baseless strike " corporation suits,* that a stockholder may maintain a suit in behalf of the corporation against its directors and officers only if he represents the " minimum of interest " in the corporation which in the opinion of the Legislature gives reasonable assurance that the suit is not a " baseless strike " suit, or if he gives security for costs and expenses for which he would not otherwise be liable and to which a plaintiff, having a larger interest, bringing the same action would not be subject. For the purposes of this discussion we assume unquestioningly that the statute is reasonably calculated to solve the problem. Nonetheless the statute creates a remedy for a wrong for which previously there was no remedy, and it interferes with the antecedent right of small stockholders to maintain derivative actions in behalf of the corporation and gives to corporations rights which they had not previously enjoyed. If the statute had been in effect when the plaintiffs instituted this action they might not have been able or willing to give the required security; if applied to pending actions it might prevent these plaintiffs from trying the action after they had spent time and money in preparing it for trial. Though the Legislature has found that the statute is a just and reasonable solution of a serious problem, it does not follow that it would decide that it would be just and reasonable to apply the statute

to actions then pending. Under well established principles the statute may not be so applied unless the Legislature has disclosed an intention that it should be so applied.

It is said that, when the Legislature provided that the defendant is entitled to require the plaintiff or plaintiffs to give security " in any action instituted or *maintained* in the right of any foreign or domestic corporation ", it disclosed an intention that the statute should apply not only in actions thereafter instituted but also in actions previously " instituted " and thereafter " maintained ". The word " maintained " may be used in a context, where it clearly denotes that it includes pending actions. (Cf. *Moore Ice Cream Co.* v. *Rose,* 289 U. S. 373.) In other context it has frequently been given other construction. (See cases collated in 38 C. J., MAINTAIN, §§ 2, 3, 4, 5.) In the statute we are now construing it is at most equivocal and does not, we think, disclose an intent of the Legislature that it should be applied in actions previously instituted.

Argument is also made that since section 61-b supplements section 61-a and since the Legislature when it enacted section 61-a expressly provided that the statute should apply to pending actions, we should read the same intent into the statute enacting section 61-b. Though section 61-b in a measure supplements section 61-a, yet, as we have pointed out, it differs both in purpose and in effect. The Legislature might reasonably find that even if it be just to make section 61-a apply to pending actions, it would be unjust to make section 61-b so apply, and we find it significant that in enacting section 61-b it omitted the formula used by it when it did decide that its companion statute should apply in pending actions. We conclude that the Legislature has not disclosed an intention that the statute should apply in actions pending when it went into effect. We consider no other question.

The orders should be reversed, with costs in all courts and the motion denied. The 1st, 3d, and 13th questions certified should be answered in the negative, and the other questions not answered. (See 294 N. Y. 840.)

LOUGHRAN, LEWIS, CONWAY, DESMOND, THACHER and DYE, JJ., concur.

Orders reversed, etc.