PAULINE W. TAYLOR, Individually and as a Stockholder of Manufacturers Trading Corporation, Suing on Her Own Behalf and on Behalf of Stockholders Similarly Situated, and on Behalf of Said Corporation and Another Wholly Owned Subsidiary Corporation, Plaintiff, v. HARRY P. BARRAND et al., Defendants.

Supreme Court, Special Term, New York County, June 20, 1945.

*Lorenz, Finn & Lorenz* for Manufacturers Trading Corporation, defendant.

*Sol. O. Maltz* for plaintiff.

*Kupfer, Silberfeld, Nathan & Danziger* for Harry P. Barrand and others, defendants.

PECK, J. In this stockholder's derivative action, the defendant Manufacturers Trading Corporation moves to compel the plaintiff to post security under section 61-b of the General Corporation Law, as amended by chapter 869 of the Laws of 1945. The action was pending at the time of the enactment of section 61-b and, except for the 1945 amendment, falls within the decision of the Court of Appeals in *Shielcrawt* v. *Moffett*

(294 N. Y. 180) holding that section 61-b does not apply to actions pending when it went into effect. This defendant's point on the present motion is that the 1945 amendment makes section 61-b applicable to pending actions and thus overcomes the decision of the Court of Appeals in the *Shielcrawt* case (*supra*).

Section 61-b, as originally enacted (L. 1944, ch. 668), did not specify whether it was applicable to pending actions, but the enacting clause simply said that it " shall take effect immediately ", as distinguished from the enacting clause of section 61-a (L. 1941, ch. 350), providing for payment by the corporation of the expenses of directors and officers who were successful in stockholders' litigation, which specifically made the section applicable to pending actions. Emphasizing this distinction and pointing out that the unequivocal formula used by the Legislature to make section 61-a applicable to pending actions was omitted from section 61-b, the Court of Appeals held that the Legislature had not disclosed an intention that section 61-b should apply to actions pending when it went into effect.

The 1945 act, upon which this defendant relies, is a revamping in six sections of the law relating to the reimbursement of directors, officers and employees for their expenses in stockholders' suits. The changes made by the 1945 act are partly substantive, partly procedural and partly formal. The primary purpose of the 1945 amendments, as evidenced by the recommendation of the Law Revision Commission (N. Y. Legis. Doc., 1945, No. 65E) and the amendments themselves, was to correlate and harmonize section 27-a of the General Corporation Law, authorizing provision in the certificate of incorporation or by-laws of a corporation for the indemnification of directors or officers for expenses incurred by them in the successful defense of stockholders' actions, and section 61-a, making similar provision by law, and to establish the legal machinery for the assessment and payment of the expenses which directors or officers would be entitled to under said sections. As amended, the various provisions for the assessment and payment of such expenses were put in sequence in a new article of the General Corporation Law, to be article 6-A, as sections 63 to 68, with the old section 27-a becoming section 63, the old section 61-a becoming section 64, and the new procedural provisions becoming sections 65 to 68. Section 61-b, however, was left as it was, except for the formal amendment of changing the reference therein to section 61-a to section 64, with the same designation, outside of article 6-A, and thus was not woven into the new fabric.

Section 5 of the 1945 Act (L. 1945, ch. 869, § 5) provides: " This act shall apply to payment or assessment of expenses incurred in actions or proceedings pending at the time this act shall take effect * * *.'' Section 6 provides: " This act shall take effect immediately." Defendant contends that section 5 makes the entire act, including the re-enactment of section 61-b, applicable to pending actions. The plaintiff denies that section 5 has that intention or effect and points to the fact that the same contention as this defendant now urges was made to the Court of Appeals on a motion for reargument in the *Shielcrawt* case (*supra*), and the motion was denied (294 N. Y. 840). Plaintiff contends that this action of the Court of Appeals is a determination of the question raised on this motion. Perhaps the plaintiff is right in this view, but the Court of Appeals simply denied the motion for reargument without opinion and it is not clear, therefore, whether the court ruled upon the effect of the amendment or merely refused to reopen a matter which it had theretofore decided on the basis of the law as it then existed and refused to consider the effect of the statute which became law only after the decision was rendered. This court feels obliged, therefore, to rule upon the present motion on the basis of its own interpretation of the 1945 act rather than upon the basis of its interpretation of the Court of Appeals' denial of reargument in the *Shielcrawt* case (*supra*).

The Court of Appeals in the *Shielcrawt* case (*supra*) enunciated the standard by which legislative intent in this matter shall be determined. We must look to see whether there is an " unequivocal " provision making section 61-b retrospective. In the absence of such an unequivocal declaration of intention it must be taken that the Legislature did not intend to make the section retrospective.

The Legislature has unequivocally provided that the act shall apply to the payment or assessment of expenses incurred in actions or proceedings pending at the time the act shall take effect. The question then becomes what is meant by the words " payment or assessment of expenses ", because it is only in those respects that the statute is made retrospective. The problem is one of identifying these words with the various provisions of the act.

Section 64 contains the provisions for the " Assessment of expenses " under that heading. Sections 65 and 66 cover the procedure for " Application for payment or assessment of expenses." Section 67 provides for the " award " of expenses. All of these provisions, with their specific reference to the

" assessment or payment " of expenses, relate to the expenses of the individual directors, officers or employees of the corporation and the assessment of their expenses against the corporation and payment by the corporation. Section 61-b, on the other hand, containing no reference to the " assessment or payment " of expenses, is a separate provision in favor of the corporation and provides for the posting of security " to which the corporation shall have recourse in such amount as the court having jurisdiction shall determine upon the termination of such action ". While this provision might fairly be termed a provision for the assessment and payment of the corporation's expenses, it is not so described in the statute and the sections which do refer to the assessment and payment of expenses do not refer or relate to section 61-b.

It seems clear on the whole, therefore—from the nature and arrangement of the statutory revision made by the 1945 act, the incorporation of all provisions for the assessment and payment of the expenses of officers, directors and employees in a new article in the General Corporation Law and the separate treatment of section 61-b, and from the selectivity of the language used in section 5 of the 1945 Act — that the provision of section 5, making the act retrospective as to the " payment or assessment of expenses ", relates only to those provisions of the act specifically referring to the payment or assessment of the expenses of directors, officers or employees against the corporation and does not apply to section 61-b.

The moving defendant makes the point, which has merit, that all of the provisions of this act are integral parts of a program for the allocation of expenses in stockholders' litigation; hence section 61-b should be given the same application as the other provisions. On the other hand, as the Court of Appeals pointed out in the *Shielcrawt* case (294 N. Y. 180, *supra*), the statutory provision for the protection of directors and officers is not necessarily tied up with the provision for the protection of the corporation, and there is good reason why the Legislature may have wished to make the one retrospective and the other not. The court, therefore, held that an unequivocal declaration of intention on the part of the Legislature to make section 61-b retrospective would be necessary before the court could give it that effect.

The Legislature has not evinced such an intention in the 1945 act. It could easily have done so by using either more or less words than it has used in section 5. It could have made that intention clear by specifically referring to section 61-b or simply

by providing that the act should apply to pending actions, without the qualification that it should apply in respect to the payment or assessment of expenses. The language is thus not unequivocal, looking at it most favorably for this defendant. Rather, the indication is that the Legislature intended that the retrospective provision should not extend to section 61-b.

The motion is, therefore, denied.