FRANK A. PURDY, Suing for Himself and for All Others, Similarly Situated, as Holders of Preferred Capital Stock of Financial Institutions, Incorporated, Plaintiff, *v.* WOLCOTT J. HUMPHREY, Individually and as Director and President of Financial Institutions, Incorporated, et al., Defendants.

Supreme Court, Special Term, Allegany County, March 11, 1946.

*Holt & Holt* for plaintiff.

*Kenefick, Cooke, Mitchell, Bass & Letchworth* for Wolcott J. Humphrey and another, defendants.

*Stedman, Waterman & Garnier* for W. J. Peckham and others, defendants.

*Harry M. Brown* for Financial Institutions, Incorporated, defendant.

Gold, J. There have been several motions before this court in this action. It has been due to a large extent because of the uncertainty as to the intention of the New York State Legislature on the enactment of section 61-b of the General Corporation Law.

The present action was commenced prior to April 9, 1944, the effective date of section 61-b of the General Corporation Law. (L. 1944, ch. 668.)

The interpretation of said section has been before the courts and there is considerable difference of opinion as to what the

Legislature actually intended with reference to actions which were commenced prior to April 9, 1944.

Before the Court of Appeals rendered its decision in *Shielcrawt* v. *Moffett* (294 N. Y. 180) the Appellate Division in the same action had held that said section 61-b was retroactive. (*Shielcrawt* v. *Moffett*, 268 App. Div. 352.)

After the Appellate Division had rendered its decision in the said action, this court granted an order compelling the plaintiff to furnish security in the sum of $15,000 on or before April 2, 1945, or in lieu thereof authorizing the plaintiff to join with him as plaintiffs a sufficient number of stockholders who with himself were holders of 5% of the outstanding shares of any class of the corporate stock or voting trust certificates of said Financial Institutions, Incorporated, with the right to the plaintiff to join such other parties as parties plaintiff, and with the right after joinder to amend or supplement the summons and complaint herein. This decision was rendered on January 31, 1945, and the order was signed on February 13, 1945.

Thereafter the plaintiff moved this court for an order relieving him from the former order claiming that since the granting thereof, he had become the legal holder of such preferred stock by purchase thereof from the other stockholders in an amount exceeding 5% of such total issue.

The defendant claimed that this transfer of shares of stock to the plaintiff subsequent to the commencement of the action was not in compliance with the intention of the Legislature in passing section 61-b of the General Corporation Law, and therefore made a motion in this court for certain reliefs, one of which demanded that the complaint be dismissed or in the alternative directing that the persons from whom the plaintiff is alleged to have purchased stock of Financial Institutions, Incorporated, appear and be examined in open court or before a referee, and further that the order of the court herein, dated February 13, 1945, above referred to, requiring the plaintiff to furnish security for costs, be amended so that such security be required solely for the expenses of the defendant, Financial Institutions, Incorporated, in connection with the defense of this action and by the other parties defendant in connection therewith, for which said corporation might become liable, pursuant to section 61-a of the General Corporation Law, incurred subsequent to April 18, 1945.

Subsequent to the return date of said motion, on behalf of the defendant Financial Institutions, Incorporated, owners of certificates of stock in said corporation transferred to plaintiff

without any reservations, a sufficient number of shares of stock so that the plaintiff had actual title to more than 5% of the shares of the stock of said corporation.

The plaintiff now claims that he has complied with the provisions of said section 61-b and is entitled to proceed without furnishing any security. I feel that he has and that the former order requiring such security be and the same is hereby vacated. However, the court directs that the plaintiff deposit with the County Clerk of the County of Allegany, within five days after the entry of the order herein, said stock certificates and the assignments thereof, together with said releases, to be and remain in the custody of said clerk, subject to the payment of allowances granted by judgment or by order of the court herein in favor of the defendants, or any of them, on account of disbursements, legal expenses and expenses of this action, such stock to be held and applied only in the event that any such allowance or allowances be made, and to be released to the plaintiff in the event that it be adjudged that no such allowance or allowances be granted, and that the said order specify in detail the stock so to be deposited with said clerk, together with said assignments and releases.

There is also submitted to this court the question as to whether or not any security is required by section 61-b of the General Corporation Law, where the action was commenced prior to April 9, 1944, the effective date of section 61-b of the General Corporation Law.

This court has rendered a decision upon a similar motion in *Mahler* v. *Oishei* which decision was rendered on January 31, 1946, holding that the section does not apply to actions commenced prior to April 9, 1944.

In *Shielcrawt* v. *Moffett* (294 N. Y. 180, *supra*) it was held that security could not be obtained where expenses were incurred prior to the effective date of section 61-b and that section 61-b as it then existed, was not retroactive, and that the statute did not apply to actions instituted before said law became effective.

Subsequent to the rendering of said decision by the Court of Appeals, the Legislature amended section 61-b and other sections relating to and affecting it. (L. 1945, ch. 869.)

Two questions are presented upon this motion with reference to the same: (1) Do the amendments of 1945 change the law as stated in the *Shielcrawt* case (*supra*) as to actions commenced before section 61-b became effective?

(2) If this court should find to the contrary, is it within the power of the court to grant security for reasonable expenses hereinafter incurred?

As to the first, defendants contend that the amendments did. If this court finds to the contrary, they claim it is within the power of the court to grant security for reasonable expenses hereafter to be incurred.

The plaintiff contends that notwithstanding the amendment of section 61-b, as passed by the 1945 Legislature, the decision in *Shielcrawt* v. *Moffett* (294 N. Y. 180, *supra*) still establishes the law of the State so far as the rights of stockholders and the corporation are concerned, and that the passage of that act did not alter the situation as it existed at the time said decision was rendered.

A motion similar to the one before this court was heard in Supreme Court, at Special Term, New York County. With reference to the intention of the Legislature, that court held that an unequivocal declaration of intention on the part of the Legislature to make section 61-b retrospective would be necessary before the court could give it that intent. The court held that the Legislature did not give said section an unequivocal declaration to make it retrospective, and therefore it denied the motion. (*Taylor* v. *Barrand*, 185 Misc. 432.)

It would not have been difficult for the Legislature to have made its intentions clear. It left the matter in a haze, thereby inviting litigation in which the court has to at least try to determine what was in the minds of the legislators when the law was enacted. There is nothing in the statute that makes it positively clear. However, this court does feel that it requires an unequivocal declaration of legislative intent to make an enactment retrospective, and that in the absence of such unequivocal declaration, the courts cannot assume that the Legislature did so intend.

This action having been commenced before section 61-b was enacted, I find that the amendments to the General Corporation Law do not change the law as stated in *Shielcrawt* v. *Moffet* (*supra*), as to actions commenced prior to April 9, 1944, nor do they allow the awarding of security for expenses incurred and to be incurred after the date of their enactment.

With reference to the motion on behalf of the defendant Financial Institutions, Incorporated, this court grants the defendant's motion to read and file the affidavits annexed in opposition to plaintiff's motion, dated March 19, 1945, and denies defendants' motion to dismiss the complaint herein.

This court grants the motion to direct the persons from whom the plaintiff is alleged to have purchased stock of Financial Institutions, Incorporated, to appear and be examined before a referee, to be appointed by order of this court, the hearings to be at such times and places as will be most convenient for said persons.

However, the plaintiff having volunteered to furnish security by a transfer of stock representing 5% of the issued stock, this court further grants the application of said defendant for an order directing that the order of the court herein, dated February 13, 1945, requiring the plaintiff to furnish security for costs, be amended so that such security be required solely for expenses of the defendant, Financial Institutions, Incorporated, in connection with the defense of the above-entitled action, and by the other parties defendant in connection therewith, for which said corporation might become liable, pursuant to section 61-b of the General Corporation Law incurred subsequent to April 18, 1945.

Let an order or orders be entered herein accordingly.