MoCurh, J.
The plaintiffs brought separate stockholders’ derivative actions in 1942 against the defendants, the .actions being consolidated a year later. The complaints alleged in substance that through the misconduct of certain individual defendants there had been an unreasonable and unlawful accumulation of surplus resulting in the incurring of heavy tax penalties by the defendant Trico Products Corporation.
The defendant Trico Products Corporation in January of 1945 moved to compel the plaintiffs to furnish security pursuant to section 61-b of the General Corporation Law. This appeal is from the order denying that motion.
Section 61-b, General Corporation Law reads as follows: “ In any action instituted or maintained in the right of any foreign or domestic corporation by the holder or holders of less than five per centum of the outstanding shares of any class of such corporation’s stock or voting trust certificates, unless the shares or voting trust certificates held by such holder or holders have a market value in excess of fifty thousand dollars, the corporation in whose right such action is brought shall be entitled at any stage of the proceedings before final judgment to require the plaintiff or plaintiffs to give security for the reasonable expenses, including attorney’s fees, which may be incurred by it in connection with such action and by the other parties defendant in *181 connection therewith for which it may become subject pursuant to section sixty-four of this chapter, to which corporation shall have recourse in such amount as the court having jurisdiction shall determine upon the termination of such action. The amount of such security may thereafter from time to time be increased or decreased in the discretion of the court having jurisdiction of such action upon showing that the security provided has or may become inadequate or is excessive.” The question raised upon this appeal is whether the foregoing section is retroactive so as to apply to pending actions.
Section 61-b (L. 1945, ch. 869) and its predecessor section 61-b (L. 1944, ch. 668) are identical in wording except for a formal change in reference to a section which had been renumbered. In April, 1945, the Court of Appeals handed down its decision in Shielcrawt v. Moffett (294 N. Y. 180), in which it was held that section 61-b (L. 1944, ch. 668) did not apply to actions pending when the statute went into effect. The appellant here, however, contends that when the Legislature re-enacted section 61-b in 1945, it thereby evinced an intent to make it applicable to all pending actions. It will be helpful first to note the changes which occur in the 1945 statute. The only change in the wording of section 61-b is where reference is made to section 64 instead of 61-a as used in the 1944 statute. Section 61-a in 1944 provided for assessment against the corporation of expenses incurred by officers and directors in the successful prosecution or defense of the action. That section was repealed by chapter 869 of the Laws of 1945 and its provisions relating to assessment of expenses so far as it applied to defendant’s officers and directors transferred to the new section 64. While section 61-b, entitled “ Security for expenses ”, remained unchanged except for the reference to the section number already noted, a new article 6-A was added entitled “ Reimbursement of litigation expenses of corporate officials.” The scope of article 6-A appears entirely clear. First, a corporation is authorized to indemnify its directors and officers for certain expenses incurred in the successful defense of a stockholders’ derivative action (§ 63). Then article 6-A provides a procedure for such indemnification (§§ 64, 65, 67, 68). Neither the authorization for the indemnity nor the procedure outlined to carry it into effect are in any way dependent upon section 61-b. The Legislature accordingly did not include section 61-b in article 6-A. A comparison of the statute as it existed in 1944 when the Court of Appeals considered the Shielcrawt case and the statute as it now exists reveals (1) that there is no change literal or otherwise in section 61-b *182 except the formal change of reference to another section by its new number and (2) that the new article 6-A contains a revision of certain existing statutes together with certain new sections having to do exclusively with assessment and payment of expenses of corporate officials by the corporation. While the subject and procedure contained in article 6-A relates in a sense to the subject of security for expenses as provided by section 61-b, still it is distinct and apart as to purpose and effect as pointed out in the Shielcrawt decision.
At the time of the Shielcraiot decision and as stated in the opinion in that case, chapter 350 of the Laws of 1941 adding section 61-a now covered in article 6-A “ expressly provides that the act ‘ shall take effect immediately and shall apply to all such actions, suits or proceedings as may be pending and in which no final judgment has been made and entered at the time this act takes effect. ’ Chapter 668 of the Laws of 1944, which added section 61-b, provides that ‘ this act shall take effect immediately ’ and omits the unequivocal formula used by the Legislature in enacting 61-a to indicate that the act shall apply to pending actions. The problem now presented is whether legislative intention that the act shall apply to pending actions is implicit in the statute even though not expressed in unequivocal form.”
The 1945 statute with which we are now concerned contains the following language:
“ § 5. This act shall apply to payment or assessment of expenses incurred in actions or proceedings pending at the time this act shall take effect, or in which appeal is thereafter taken, and in actions or proceedings commenced after this act shall take effect * * *.
“ § 6. This act shall take effect immediately.” (Emphasis supplied.)
The language used in the 1945 statute so obviously relates to the payment or assessment of expenses provided for in article 6-A, omitting any reference to the subject of security for expenses provided for in section 61-b, that the problem arising here is almost identical with the problem which the Court of Appeals considered in the Shielcrawt case. The test to be applied here is the same as laid down in the opinion in that case and the same solution of the problem necessarily follows. (For an excellent discussion of this subject see the opinion of Mr. Justice Peck in Taylor v. Barr and, 185 Misc. 432.)
The appellant makes the further argument that the 1945 statute was enacted at a time when section 61-b had been held by *183 the courts to be retroactive and hence there is a presumption that the Legislature adopted that construction. The mere fact, however, that the Legislature re-enacted these sections before such decisions had been overruled, lends little support to the defendant’s contention, since the re-enactment of section 61-b was for the sole purpose of correcting a statutory reference within the section. It would be an unwarranted extension of that rule if it were to be used as a basis for holding under the circumstances here that section 61-b is unequivocably retrospective. It is to be noted that none of such decisions had up to that time been tested on appeal except the Shielcrawt case. The decision in that case in the Appellate Division was by a divided court and an appeal was then pending in the Court of Appeals. If under such circumstances the Legislature had intended that section 61-b should apply to pending actions, it would seem more likely that it would have definitely said so, or would have provided that the entire act shall apply to pending actions rather than narrowing it to “ payment or assessment of expenses incurred in actions or proceedings pending at the time this act shall take effect ”. We conclude that section 61-b does not apply to pending actions.
■ The appellant here argues that in any event it is entitled to security for prospective expenses as distinguished from those incurred prior to the original enactment of section 61-b. While this point was apparently not specifically urged before the Court of Appeals in the Shielcrawt case, the answer is obviously indicated by what was said in the course of the opinion: “ If the statute had been in effect when the plaintiffs instituted this action they might not have been able or willing to give the required security; if applied to pending actions it might prevent these plaintiffs from trying the action after they had spent time and money in preparing it for trial.” The granting of security for prospective expenses could be just as much an interference with antecedent rights as a granting of security for expenses for any other period. The same principle applies in either case.
The order appealed from should be affirmed, with $10 costs and disbursements.
All concur. Present — Taylor, P. J., Dowling, McCurn, Larkin and Love, JJ.
Order affirmed, with $10 costs and disbursements. [See post, p. 769.]