KEVA BERNZWEIG, Plaintiff, *v.* LILLIAN BECK REALTY CORP., Defendant.

Supreme Court, Special Term, New York County, April 12, 1947.

*Harry Yodowitz* for plaintiff.

*Jacob Goodman* and *Sydney D. Robins* for defendant.

BENVENGA, J. Motions (1) by plaintiff for summary judgment on the first cause of action; (2) by defendant to dismiss the first and second causes of action, and (3) by defendant for summary judgment on the third cause of action.

The actions are based upon an alleged violation of emergency Commercial Rent Law (§ 8, subd. d [L. 1945, ch. 3, as amd.]), which provides in substance that the landlord shall be liable to a tenant in damages who leases or rents commercial space or permits occupancy thereof by a third person within a specified period after dispossessing the tenant on the ground of self-use. The statutory period at the time the landlord dispossessed the tenant was fixed at six months, while the statutory period at the time of the lease or rental was fixed at one year.

The rights of the parties, landlord and tenant, became fixed at the time of the dispossess proceedings. It is well settled that the " 'courts will not give retrospective operation to a statute which interferes with antecedent rights in the absence of an unequivocal expression in the statute that the Legislature intended that the statute should have such effect.' " (*Shielcrawt* v. *Moffett,* 294 N. Y. 180, 189.) Accordingly, the first cause of action, which seeks to recover damages by reason of the defendant's violation of the statute, must be dismissed.

The second cause of action is in fraud, and alleges facts sufficient to constitute a cause of action. The final order in the summary proceedings is not *res judicata* and a bar to the action. The motion to dismiss the second cause of action is, therefore, denied.

A triable issue is raised as to the third cause of action. The motion for summary judgment is, accordingly, denied.