EVELYN I. SKINNELL, as Executrix, etc., of DANIEL A. SKIN-NELL, Deceased, Appellant, *v.* EDWARD MAHONEY and DANIEL F. COHALAN, as Executors, etc., of DANIEL A. SKINNELL, Deceased, and Others, Respondents, Impleaded with SKINNELL SILVER PLATING Co., INC., and Others, Defendants.

Second Department, July 22, 1921.

Trusts — purchase of trust property by corporation organized by trustees for that purpose — payment of purchase price from proceeds of business — stock issued to trustees and beneficiaries individually must be returned to estate — consent of beneficiaries did not validate transaction — participation in transaction by executor not ground for removal — issue of shares to third person for services as manager not illegal.

Where two of the trustees under a will, one of whom was a beneficiary, and another beneficiary, by means of a corporation organized for the purpose and owned and controlled by them, purchased a business which had been carried on by the testator and devised by him as part of the trust estate, and the purchase price fixed by them was paid from the proceeds of said business, capital stock issued to them must be returned to the estate, since said shares represent profits made by the trustees in their dealings with the trust property.

The consent of the beneficiaries under the trust did not validate the transaction since their interest was that of beneficiary under an inalienable trust, and there was a contingent remainder over to their issue in case of the death of the beneficiaries before reaching the age of forty-five.

There is no sufficient reason for removing the executor who participated in the organization of the corporation and the issue of the stock.

The issuance of shares of stock to the manager of the corporation in payment for services was not illegal and he should be permitted to retain said shares.

APPEAL by the plaintiff, Evelyn I. Skinnell, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Queens on the 16th day of February, 1921, upon the decision of the court rendered after a trial at the Queens Special Term dismissing the complaint upon the merits.

*Frank Gallagher* [*Howard A. Sperry* with him on the brief], for the appellant.

*Joseph A. Byrne,* for the respondents Mahoney and Leary.

*John F. Couch,* for the respondent Cohalan.

BLACKMAR, P. J.:

The plaintiff and defendant Mahoney, two of the trustees under the will of Daniel A. Skinnell, deceased, and defendant Skinnell, by means of a corporation organized for the purpose and owned and controlled by them, purchased a business which had been carried on by decedent. The purchase price fixed by them was paid from the proceeds of the business so purchased, and the capital stock of the company, except a small amount allotted to defendant Morley as manager, and one-fifth thereof left unissued, was divided among the said two trustees and defendant Skinnell, each receiving twenty-five shares. These shares of stock represent the profits made in their dealings with the trust property. The said two trustees have violated the cardinal rule of law that trustees may not deal with trust property to their own advantage, and that if they do they are accountable therefor to the estate. In this respect there is no difference in the situation of the plaintiff and the defendant Mahoney. They have alike violated this rule of law and are accountable to the estate for the shares of stock that they have issued to themselves. The defendant Skinnell, acting jointly with them, is subject to the same disability. The motive of the trustees is a matter of indifference. They may have been moved by the most laudable motives. They may have devised the plan of selling the business to a corporation organized for the purpose of purchasing it, as the best method of preserving it. The appraisement of the property may have been, as I think it was, honestly and fairly made, and yet they were disqualified, by an inflexible rule, from dealing with the trust property to their own profit. The consent of the plaintiff and defendant Skinnell did not validate the transaction. They did not own the estate. Their interest was that of *cestui que trust* under an inalienable trust, and there was a contingent remainder to their issue in case of death before reaching the age of forty-five.

The shares of stock issued to the plaintiff and to defendants

Skinnell and Mahoney should be transferred to the executors and trustees of the estate. There is no sufficient reason for removing the defendant Mahoney, and the defendant Morley, who is not a trustee and received the stock in connection with his services as manager, should be permitted to retain the five shares issued to him.

Judgment accordingly, with costs to the plaintiff in this court and in the court below, payable from the estate.

RICH, PUTNAM, KELLY and JAYCOX, JJ., concur.

Judgment reversed and judgment directed that plaintiff and defendants Mahoney and Skinnell transfer each twenty-five shares of stock of the corporation to the executors and trustees under the will of Daniel A. Skinnell, deceased, with costs to the plaintiff in this court and in the court below, payable from the estate.