Daniel J. McKenna, Respondent, v. Louise M. Meehan, also Known as Lula M. Meehan, Appellant.

First Department, June 3, 1927.

Trial — decision — action in partition — judgment entered upon verdict of jury upon all issues without formal decision as prescribed by Civil Practice Act, § 440 — judgment was properly rendered as on motion, under Rules of Civil Practice, rule 194 — jury trial in partition action is, under Civil Practice Act, § 1023, matter of right, and verdict is conclusive under section 429 — entry of formal decision not required in equity action.

In an action in partition, in which all of the issues of fact are disposed of by the verdict of a jury, the trial justice is not required to make a formal decision as prescribed by section 440 of the Civil Practice Act, but may properly enter judgment as on a motion, under rule 194 of the Rules of Civil Practice.

In an action in partition, a jury trial of the issues of fact is a matter of right, under section 1023 of the Civil Practice Act, and the verdict on such issues is conclusive upon the trial justice, under section 429 of the Civil Practice Act.

*It seems,* that where all the issues of fact in an equity action have been conclusively disposed of by the verdict of a jury, the trial justice need not make and enter a formal decision under section 440 of the Civil Practice Act.

APPEAL by the defendant, Louise M. Meehan, from an interlocutory judgment of the Supreme Court in an action in partition in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 2d day of July, 1926, after a trial before the New York Special Term and a jury, with notice of an intention to bring up for review an order entered in said clerk's office on the 25th day of January, 1926, framing certain questions for trial by the jury.

The judgment directs, among other things, the sale of the premises described in the complaint.

*Maurice Rose,* for the appellant.

*Martin Lippman* of counsel [*McLaughlin & Stern,* attorneys] for the respondent.

O'MALLEY, J.  But one of the points raised on this appeal merits consideration.  It relates to a matter of procedure.  In this action in equity the court has entered judgment without making a formal decision as prescribed by section 440 of the Civil Practice Act. The question presented is whether under all the circumstances the trial justice had power to enter judgment without making such decision.

Ordinarily such procedure would result in an invalid judgment requiring the remission of the cause to Special Term for correction. (*Smith* v. *Geiger,* 202 N. Y. 306, 312; *Brewster* v. *Brewster Co.,* 204 id. 687; *Ventimiglia* v. *Eichner,* 213 id. 147, 150.)  We think, however, that there is here an exception to the general rule and that the trial court proceeded properly.

This is an action in partition (*McKenna* v. *Meehan,* 215 App. Div. 798).  In such an action a jury trial of the issues of fact is a matter of right and not discretion.  (Civ. Prac. Act, § 1023.)  Moreover, the verdict on such issues is conclusive upon the justice at Special Term and not advisory merely.  (Civ. Prac. Act, § 429.)

Here all of the issues were disposed of by a jury.  The trial justice was bound by its verdict with respect thereto, and the proof taken before him related to mere matters of formality. Judgment was properly rendered, therefore, as on a motion (Rules Civ. Prac. rule 194), and no formal decision under section 440 of the Civil Practice Act was required.  (*Lowenthal* v. *Lowenthal,* 157 N. Y. 236.)

It is true that when *Lowenthal* v. *Lowenthal* was decided, section 1022 of the Code of Civil Procedure (the source of section 440 of

the Civil Practice Act) contained the permissive " may " with respect to the making of such decision, whereas now section 440 of the Civil Practice Act provides that the decision " *must* state separately the facts found and conclusions of law, and direct the judgment to be entered thereon, which decision when filed shall form part of the judgment roll." But the authority of the case cited was in no sense weakened by the change from the permissive to the mandatory. Such change in phraseology was due to the fact that by an amendment (Laws of 1903, chap. 85, § 2) the trial justice was no longer permitted to enter *either* a long or a short form decision. Even before the amendment noted, some decision, formal or short form, was required.

We are of opinion, therefore, that where all of the issues of fact in an equity action have been conclusively disposed of by the verdict of a jury, the justice at Special Term need not make and enter a formal decision under section 440 of the Civil Practice Act, but may enter the appropriate judgment as on a motion. Such procedure has been approved in a comparatively recent decision of this court. (*Olmsted* v. *Olmsted*, 210 App. Div. 393.)

It follows, therefore, that the judgment and order appealed from should be affirmed, with costs.

DOWLING, P. J., MERRILL and MARTIN, JJ., concur.

Judgment and order affirmed, with costs.