Estelle Aufiero, an Infant, by Jacob Rosenbaum, Her Guardian ad Litem, Appellant, *v.* Nicholas Ralph Aufiero, Respondent.

First Department, February 3, 1928.

**Husband and wife — annulment of marriage under Civil Practice Act, § 1139, for fraudulently inducing plaintiff to enter civil ceremony in belief that defendant would later enter into religious ceremony — decision should have been made under Civil Practice Act, § 440.**

The plaintiff is entitled to maintain an action, under section 1139 of the Civil Practice Act, to have her marriage to the defendant annulled on the ground of fraud, since it appears that the defendant induced the plaintiff to enter into a civil marriage ceremony upon a promise, fraudulently made, that he would later enter into a religious ceremony. The plaintiff learned the next day after the civil ceremony that the defendant never intended to enter into a religious ceremony and she left him without cohabiting with him.

The action was tried before an official referee and his report was adopted by the court and the complaint dismissed but without decision. Since the dismissal was on the merits it was necessary to make a decision as required by section 440 of the Civil Practice Act.

Dowling, P. J., dissents in part.

Appeal by the plaintiff from a judgment of the Supreme Court, entered in the office of the clerk of the county of Bronx on the 21st day of June, 1927.

*Max Bollt* of counsel [*Sidney Hauptman* with him on the brief], for the appellant.

No appearance for the respondent.

O'Malley, J. The action is to annul a marriage upon the ground that plaintiff's consent thereto was induced by the defendant's fraud. There was no appearance by the defendant. The action was tried before an official referee, who in his report recommended a dismissal of the complaint. The report was adopted by the learned justice at Special Term and the complaint dismissed upon the authority of *Mirizio* v. *Mirizio* (242 N. Y. 74).

At the time of the trial and the application for judgment our decisions in *Rutstein* v. *Rutstein* (221 App. Div. 70) and in *Raphael* v. *Raphael* (222 id. 664), decided at the November term of this court, had not been handed down. In the former decision we distinguished the *Mirizio* case and concluded that it was not authority for holding that in no case may one party to a marriage secure its annulment upon the fraud of another party in promising to have a religious ceremony performed after the civil contract is made. In the *Mirizio* case the plaintiff was not induced to enter the civil contract

because of the representation or promise of the defendant that a religious ceremony would follow. The decision seems to have been predicated upon the fact that the civil contract had been lawfully made. Moreover, the plaintiff there was not disavowing, but standing upon the civil contract and seeking to enforce her rights thereunder.

Here, the plaintiff consented to the civil contract relying upon the defendant's promise that a religious ceremony would immediately follow and she would not have made the civil contract were it not for such representation. The plaintiff did not discover the fraud until the day following the civil ceremony. Then, for the first time, the defendant disclosed to her the fact that he never intended to comply with his promise, whereupon the plaintiff immediately left him.

The facts thus proven were sufficient to entitle her to maintain this action, even though there may have been cohabitation before the discovery of the fraud. (Civ. Prac. Act, § 1139; *Jacobson* v. *Jacobson*, 207 App. Div. 238, 239.) However, this fact was denied by the plaintiff and, of course, her testimony in that respect stands uncontradicted. Moreover, refrainment from cohabitation on plaintiff's part would be entirely consistent with her belief that a religious ceremony was to follow the civil.

We deem it necessary to call to attention that the record before us contains no decision as required by section 440 of the Civil Practice Act. Such a decision may be dispensed with only in a case where the dismissal is not upon the merits, but is a nonsuit (Civ. Prac. Act, § 441), or where all the issues of fact have been conclusively adjudicated by a jury. (*McKenna* v. *Meehan*, 220 App. Div. 690.) The judgment before us, therefore, should be reversed and the case remitted to the justice at Special Term for the making of a proper decision. (*Smith* v. *Geiger*, 202 N. Y. 306, 312; *Brewster* v. *Brewster Co.*, 204 id. 687; *Ventimiglia* v. *Eichner*, 213 id. 147, 150.)

MERRELL, FINCH and PROSKAUER, JJ., concur; DOWLING, P. J., dissents from so much of the opinion as holds that the facts proven were sufficient to entitle the plaintiff to maintain this action.

Judgment reversed and the case remitted to the court at Special Term for a proper decision.