THE PEOPLE OF THE STATE OF NEW YORK ex rel. CENTRAL NEW ENGLAND RAILWAY COMPANY, Appellant, *v.* STATE TAX COMMISSION, Respondent.

(Special Franchise Assessments, Town of Lloyd, 1922, 1923, 1924.)
TOWN OF LLOYD, Intervenor, Respondent.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. CENTRAL NEW ENGLAND RAILWAY COMPANY, Appellant, *v.* STATE TAX COMMISSION, Respondent.*

(Special Franchise Assessments, City of Poughkeepsie, 1922, 1923, 1924.)

Third Department, March 5, 1941.

*Edward R. Brumley* [*Robert M. Peet* of counsel], for the appellant.

*John J. Bennett, Jr., Attorney-General* [*Henry Epstein, Solicitor-General,* and *Timothy F. Cohan, Assistant Attorney-General,* of counsel], for the respondent, State Tax Commission.

*Andrew Wright Lent,* for the intervenor-respondent.

FOSTER, J.   We are asked to review a final order, entered by the clerk of Albany county on January 16, 1940, dismissing, vacating and setting aside the petitions, orders and writs of certiorari of the relator in these proceedings, which were instituted to review special franchise assessments in the city of Poughkeepsie, N. Y., and the town of Lloyd, Ulster county, N. Y., for the years 1922, 1923 and 1924.   On February 20, 1926, the town of Lloyd was permitted by order to intervene.   On November 12, 1926, by order of the Supreme Court at Special Term, all of the proceedings were referred to one Maurice Bloch to hear, try and determine all questions raised by the petitions and returns thereto, and to make his findings and determinations therein.

Fifteen hearings were held by the referee between June 16, 1925, and July 17, 1928.   The only question before the referee was one of overvaluation.   At the close of relator's case the respondent and intervenor moved to dismiss the proceedings for failure of proof.   The referee wrote and signed an opinion, dated July 17, 1928, showing why he intended to grant respondent's motion to dismiss the proceedings.   He concluded his opinion in the following language: " It follows that the motions to dismiss these proceedings must be granted.   The findings submitted by the respondent have been passed upon.   Relator may, if it so desires, submit requests to find, after which orders in each proceeding may be submitted, on notice."   The record shows that the referee apparently intended to make his own findings of fact and conclusions of law but never signed the same.   It also shows that he marked respondent's proposed findings of fact and conclusions of law but never initialed or signed them.   After the receipt of the referee's opinion relator moved to reopen the proceedings on the ground that the referee had failed to take into consideration certain reduced quantities of materials agreed upon by the parties and evidenced by valuation sheets which were a part of the record. This motion was heard by the referee at Albany on January 29, 1929, and thereafter he wrote and signed an undated opinion in which he set forth his reasons for denying the motion.

The referee died on December 6, 1929.   At the time of his death no formal report had ever been made by him, unless the opinion adverted to may be considered as such a report, and he had never signed any findings of fact and conclusions of law.   Nor had any orders been submitted to him in accordance with the direction contained in his opinion.   The relator's proposed findings of fact and conclusions of law had not been presented or filed, and there is a dispute between the parties as to whether its time to do so was kept open.   Upon this state of the record the final order

appealed from, dismissing the proceedings, was entered by the clerk of Albany county. The question involved is whether the record is sufficient to sustain this order.

In making his decision the referee was required to comply with the requirements as to a decision by a court in a like case. (Civ. Prac. Act, § 470.) Prior to September 1, 1936, section 440 of the Civil Practice Act required that " the decision of the court * * * must state separately the facts found and conclusions of law." This requirement, however, was eliminated by chapter 915 of the Laws of 1936, and the section, as amended, recites in part as follows: " Upon a trial by the court without a jury, each party shall be deemed to have made a motion for judgment in his favor. The decision of the court may be oral or in writing and, except where a nonsuit is granted, must state the facts which it deems essential." It is the contention of the respondent that this change in statutory procedure may be applied to these proceedings, and that the opinion of the referee is sufficient to constitute a decision under the present requirements of section 440 of the Civil Practice Act, and a sufficient direction for the clerk to enter a final order therein. The intervenor contends that the referee was not required to make findings of fact and conclusions of law upon the ground that he merely granted a motion to dismiss for want of proof.

It is unquestionably true that a statutory change in matters of procedure will affect pending actions and proceedings unless the language of the act excludes them from its operation. However, something more than the application of that proposition is involved here. This rule has been generally understood to refer only to those pending actions in which the procedural step changed by the new law has not yet been taken. The respondent contends, however, that the rule is so extensive that it may be used to validate a proceeding unauthorized by the prior statute. Such a construction, we think, is contrary to the necessity for consistent practice and has no support in authoritative decisions. Unless procedure is to be involved in chaos it must be governed by the law regulating it at the time the question of procedure arises. (*Southwick* v. *Southwick*, 49 N. Y. 510; *Lazarus* v. *Metropolitan Elevated Railway Co.*, 145 id. 581; *Matter of Reynolds*, 202 id. 430.)

As to intervenor's contention that no findings were necessary because there was a nonsuit, the record clearly reveals that the referee did not intend a nonsuit in the ordinary sense of that term. Quite evidently he considered the evidence adduced by the relator on the question of valuation, and then decided that such evidence was not sufficient to overcome the presumption of regularity which must be given to assessments. In so doing he necessarily passed

upon the weight of such evidence. Moreover, the rule invoked by intervenor applies only where the dismissal is not upon the merits. (*Aufiero* v. *Aufiero*, 222 App. Div. 479.) The record indicates that the referee intended to dismiss on the merits; otherwise he would not have planned to make findings of his own. In addition to these matters, section 293-a of the Tax Law requires a referee in proceedings of this character to make " his findings and determinations." This section contained this same requirement at the time of the referee's death. We think this statutory direction contemplates something more than merely the reasons set forth in the opinion to sustain a decision about to be made. (*New York Water Service Corp.* v. *Water Power and Control Commission*, 283 N. Y. 23.) The findings of fact and conclusions of law, contained in the record, and said to have been made by the referee, were never signed or initialed by him, and, therefore, cannot be accepted as his. (*Smith* v. *Geiger*, 202 N. Y. 306.)

For the reasons indicated the record was not sufficient, in our opinion, to sustain the order dismissing the proceedings.

The order appealed from should be reversed, with costs.

HILL, P. J., CRAPSER, HEFFERNAN and SCHENCK, JJ., concur.

Order appealed from reversed, with costs and disbursements.