IRWIN M. COANE et al., Individually and as Stockholders of American Distilling Company, Suing on Their Own Behalf and on Behalf of Stockholders Similarly Situated, and on Behalf of Said Company, Appellants, *v.* AMERICAN DISTILLING COMPANY and RUSSELL E. BROWN et al., Respondents, et al., Defendants.

IRWIN M. COANE et al., Individually and as Stockholders of American Distilling Company, Suing on Their Own Behalf and on Behalf of Stockholders Similarly Situated, and on Behalf of Said Company, Appellants, *v.* AMERICAN DISTILLING COMPANY et al., Defendants, and PETER E. SISKIND et al., Respondents.

Argued June 8, 1948; decided July 16, 1948.

*Joseph Nemerov* and *Aaron Schwartz* for appellants in first above-entitled action. I. The 1944 amendment to section 61 of the General Corporation Law has no retroactive application to actions instituted prior to its enactment and therefore the judgment of the lower court dismissing the plaintiffs' derivative action instituted two years prior to the enactment of the amendment was erroneous. (*Shielcrawt* v. *Moffett,* 294 N. Y. 180, 294 N. Y. 840; *Hastings* v. *Byllesby & Co.* [*Granberry*], 293 N. Y. 413; *Matter of Berkovitz* v. *Arbib & Houlberg,* 230 N. Y. 261; *People* v. *Cohen,* 245 N. Y. 419; *Jacobus* v. *Colgate,* 217

N. Y. 235; *Lewittes & Sons, Inc.,* v. *Perlow,* 254 App. Div. 94; *Matter of Miller,* 110 N. Y. 216; *Matter of Beckford* v. *Chesire,* 128 Misc. 10; *People ex rel. Koontz* v. *Chesire,* 219 App. Div. 841; *Taylor* v. *Barrand,* 185 Misc. 432; *Purdy* v. *Humphrey,* 60 N. Y. S. 2d 535; *Mahler* v. *Trico Products Corp.,* 271 App. Div. 179, 296 N. Y. 902.) II. Retroactive application of the amendment to section 61 to pending litigations raises grave constitutional questions under the Constitutions of the State of New York and the United States. Therefore under well-settled rules the amendment should not be given such a construction. (*Matthews* v. *Matthews,* 240 N. Y. 28; *Hirson* v. *United Stores Corp.,* 263 App. Div. 646; *Weiler* v. *Dry Dock Sav. Inst.,* 258 App. Div. 581, 284 N. Y. 630; *Pollitz* v. *Gould,* 202 N. Y. 11; *Sliosberg* v. *New York Life Ins. Co.,* 217 App. Div. 67, 244 N. Y. 482; *Ettor* v. *Tacoma,* 228 U. S. 148; *Coombes* v. *Getz,* 285 U. S. 434.)

*William G. Mulligan* and *Lewis B. Greenbaum* for respondents in first above-entitled action. I. No issue of retroactivity is involved. (*Cox* v. *Hart,* 260 U. S. 427; *Smallwood* v. *Gallardo,* 275 U. S. 56; *Hine* v. *Belden,* 27 Conn. 384; *Shielcrawt* v. *Moffett,* 294 N. Y. 180, 294 N. Y. 840; *Dye* v. *School District No. 32,* 355 Mo. 231.) II. The right of action asserted in a stockholder's derivative suit belongs to the corporation and not to any stockholder. Therefore no stockholder who acquired his stock after the right of action arose can complain when his individual privilege to represent the corporation is terminated. (*Foss* v. *Harbottle,* 2 Hare 461 [1843]; *Potter* v. *Walker,* 252 App. Div. 244, 276 N. Y. 15; *Hawes* v. *Oakland,* 104 U. S. 450; *Alexander* v. *Donohoe,* 143 N. Y. 203; *Holmes* v. *Camp,* 180 App. Div. 409; *Perrott* v. *U. S. Banking Corp.,* 53 F. Supp. 953; *Continental Securities Co.* v. *Belmont,* 206 N. Y. 7.) III. The privilege of instigating a derivative suit is not a constitutionally protected right belonging to each shareholder; hence no constitutional question can be involved. (*Matthews* v. *Matthews,* 240 N. Y. 28; *Myer* v. *Myer,* 271 App. Div. 465, 296 N. Y. 979; *Swan* v. *Mutual Reserve Fund Life Assn.,* 155 N. Y. 9; *Pollitz* v. *Gould,* 202 N. Y. 11; *United States Radiator Co.* v. *State,* 208 N. Y. 144; *Kavanaugh* v. *Commonwealth Trust Co.,* 181 N. Y. 121; *Smith* v. *Hurd,* 53 Mass. 371; *Gilbert* v. *Ackerman,* 159

N. Y. 118; *Gibbes* v. *Zimmerman*, 290 U. S. 326.) IV. Whether it be deemed prospective or retrospective, substantive or procedural, the 1944 amendment to section 61 of the General Corporation Law applies to actions pending when it was passed.. (*Gallup* v. *Caldwell*, 120 F. 2d 90; *McQuillen* v. *National Cash Register Co.*, 112 F. 2d 877; *Eisler* v. *Eastern States Corp.*, 182 Md. 329; *Matthews* v. *Headley Chocolate Co.*, 130 Md. 523; *Sackheim* v. *Pigueron*, 215 N. Y. 62; *Peace* v. *Wilson*, 186 N. Y. 403; *Lazarus* v. *Metropolitan Elevated Ry. Co.*, 145 N. Y. 581; *Compton & Co.* v. *Williams*, 248 App. Div. 545; *People ex rel. Collins* v. *Spicer*, 99 N. Y. 225.)

*Aaron Schwartz* and *Joseph Nemerov* for appellants in second above-entitled action. I. The second and third causes of action are in equity to impress a constructive trust upon shares of stock in the hands of defendants and to recover the wrongful profits made by the defendants in excess of the actual loss sustained by the corporation. The statute of limitations is ten years. (*Loft, Inc.*, v. *Guth*, 23 Del. Ch. 138; *Guth* v. *Loft, Inc.*, 23 Del. Ch. 255; *Blake* v. *Buffalo Creek R. R. Co.*, 56 N. Y. 485; *Blakeslee* v. *Sottile*, 118 Misc. 513; *Meinhard* v. *Salmon*, 249 N. Y. 458; *Sialkot Importing Corp.* v. *Berlin*, 295 N. Y. 482; *Equity Corp.* v. *Groves*, 294 N. Y. 8; *McLear* v. *McLear.* 291 N. Y. 809; *Goldstein* v. *Tri-Continental Corp.*, 282 N. Y. 21; *Potter* v. *Walker*, 276 N. Y. 15; *Doherty & Co.* v. *Rice*, 186 F. 204, 184 F. 878; *Northern C. R. R.* v. *Walworth*, 193 Pa. 207; *Nason* v. *Barrett*, 140 Minn. 366; *Hearn 45th St. Corp.* v. *Jano*, 283 N. Y. 139.) II. Defendants' motion for summary judgment being predicated upon the statute of limitations must in any event be denied even if the three or six-year statutes of limitation are applicable.

*Max E. Lynne, Benjamin Liebov* and *Edwin M. Slote* for Peter E. Siskind, respondent, in second above-entitled action. Special Term and the Appellate Division properly applied the six and three-year statutes of limitation to bar the assailed second and third counts of the complaint. (*Potter* v. *Walker*, 276 N. Y. 15; *Corash* v. *Texas Co.*, 264 App. Div. 292; *Kalmanash* v. *Smith*, 291 N. Y. 142; *Dunlop's Sons, Inc.*, v. *Spurr*, 285 N. Y. 333; *Zwerdling* v. *Bent*, 264 App. Div. 195; *Equity Corp.* v. *Groves*, 294 N. Y. 8; *Cwerdinski* v. *Bent*, 256 App. Div. 612,

281 N. Y. 782; *Keys* v. *Leopold,* 241 N. Y. 189; *Pollack* v. *Warner Bros. Pictures, Inc.,* 266 App. Div. 118; *Sachs* v. *Cluett Peabody & Co.,* 265 App. Div. 497.)

*Leonard P. Moore* and *Edward R. Neaher* for American Spirits, Inc., respondent, in second above-entitled action. I. The allegations of the third cause of action disclose no fiduciary relationship between Spirits and Distilling, and hence are insufficient to support plaintiffs' demand for an accounting decree against Spirits. (*Kalmanash* v. *Smith,* 291 N. Y. 142; *Loft, Inc.,* v. *Guth,* 23 Del. Ch. 138, 23 Del. Ch. 255; *Business Advisory Bureau, Inc.,* v. *Stallforth,* 262 App. Div. 162, 289 N. Y. 792.) II. The vague and conclusory allegations in the third cause of action contain no facts constituting actionable wrong on the part of Spirits, and hence the judgment of dismissal is correct and should not be disturbed. (*Kalmanash* v. *Smith,* 291 N. Y. 142.)

FULD, J. Plaintiffs in 1942 brought two separate derivative stockholders' suits on behalf of American Distilling Company, charging defendants with numerous acts of misuse, diversion and misappropriation of corporate assets and opportunities. For convenience, we differentiate the two suits by using the name of an individual defendant in each, and referring to one as the "Brown" action and to the other as the "Siskind" suit. In each action, defendants, by appropriate motion, sought dismissal of the complaint: in the Brown litigation, upon the ground that, since the transactions complained of occurred before plaintiffs became stockholders in the subject corporation, section 61 of the General Corporation Law, as amended in 1944, deprived plaintiffs of standing to continue the suit; in the Siskind action, upon that ground and for the further reason that the three and six-year statutes of limitations, applicable to actions at law, constituted a bar.

At Special Term, the moving defendants prevailed on each score, and the resulting order of dismissal entered in each case was affirmed by the Appellate Division, two justices dissenting. Since the appeals pose a question common to both — the construction of section 61 — we treat them together and in one opinion.

More than a year after plaintiffs began suit, section 61 of the General Corporation Law was amended to add the requirement that "In any action brought by a shareholder in the right of a * * * corporation it must be made to appear that the plaintiff was a stockholder at the time of the transaction of which he complains or that his stock thereafter devolved upon him by operation of law " (L. 1944, ch. 667). We recently sustained the constitutionality of that amendment and, in so doing, held that the statute prevented a shareholder, who did not own his stock at the time the wrongs against the corporation were committed, from commencing a derivative action *after* the effective date of the statute. (See *Myer* v. *Myer,* 296 N. Y. 979, affg. 271 App. Div. 465.) We did not then decide whether or no the requirement imposed by the 1944 amendment had a similar effect on actions already instituted. Defendants would have us now declare that since the statute is " procedural ", it requires dismissal of an action pending at the time of its enactment — that, in other words, it applies not only to suits begun after the law became effective, but also to those in litigation and awaiting trial at the time of its enactment.

That we are not prepared to do, even assuming that section 61 regulates only matters of procedure. Although such a statute is " applicable to proceedings thereafter instituted for the redress of wrongs already done ", there are " different considerations " involved and a " different problem arises when proceedings are already pending." (See *Matter of Berkovitz* v. *Arbib & Houlberg, Inc.,* 230 N. Y. 261, 270–272.) Refusing to indulge in mechanical presumptions as to legislative intent, this court declared in the *Berkovitz* case (p. 273) that " We are not to presume a willingness that rights already accrued through actions lawfully initiated are to be divested or impaired " by such enactments. Applying these principles, we noted not long ago, in considering a companion statute — section 61-b of the General Corporation Law — that " ' It takes a clear expression of legislative purpose to justify ' " giving a law retrospective effect and holding it applicable to suits previously begun. (See *Shielcrawt* v. *Moffett,* 294 N. Y. 180, 188–189.) We explicitly ruled and declared that, in the absence of " unequivocal expression " by the Legislature, the provision there involved was not to be accorded retrospective effect, lest it prevent plaintiffs

" from trying the action after they had spent time and money in preparing it for trial " (294 N. Y., at p. 190).

In our judgment, decision here is dictated by our determination in the *Shielcrawt* case (*supra*). No more in section 61 than in section 61-b is there " unequivocal expression " of a design by the Legislature to burden suits in progress with requirements or conditions thereby imposed. On the contrary, the command of section 61, that it is to " take effect immediately " and apply in " any action brought ", is prospective rather than retrospective in tone. Significantly omitted is a declaration — found in a related provision (L. 1941, ch. 350, adding § 61-a to General Corporation Law) — that said section " shall apply to all such actions, suits or proceedings as may be pending " (L. 1941, ch. 350, § 2). Here, just as in the *Shielcrawt* case, we find no legislative command that we must harshly burden — indeed, sweep away — long and costly litigation that was permissible and proper when begun.

Dismissal of the complaints may not, then, be predicated on section 61, and, accordingly, we turn to the second question posed — that relating to the statute of limitations — affecting only the appeal in which defendant Siskind and defendant American Spirits, Inc., are respondents.

In the Siskind suit, we are concerned with the second and third causes of action. The second charges that in 1936 certain individual defendants, directors and officers of American Distilling, misappropriated business opportunities of that company. Alleging that the misappropriation was accomplished by defendants through the formation of another corporation known as Pekin Warehouse Company, the stock of which was issued to those defendants or their dummies, plaintiffs seek to impress a trust upon that stock in favor of American Distilling and to obtain an accounting for all profits realized by Pekin as well as by the defendants named. The third cause of action is also founded upon diversion of the corporation's business opportunity, and the relief sought by plaintiffs is likewise to have a trust impressed upon the stock of another corporation, American Spirits, Inc., which, it is alleged, was organized by several individual defendants in order that they might " utilize the funds, credit, facilities and assets of American Distilling * * * for their own private purposes ".

The motion by defendants Siskind and American Distilling for summary judgment dismissing these two causes of action on the ground — in addition to plaintiffs' disqualification under section 61, previously considered — that they were outlawed by the three and six-year statutes of limitations prescribed respectively by subdivision 7 of section 49, and former subdivision 3 of section 48 of the Civil Practice Act, was granted by the court at Special Term, and the resulting order was affirmed by the Appellate Division. In our view, that determination must be reversed.

As to the individual defendants named, it is evident that the plaintiffs seek to reclaim property from them. The stock upon which a constructive trust is sought to be impressed is the stock of corporations subsequently organized for the purpose of taking over the original *res,* consisting of specified corporate opportunities, for, as the complaint asserts, the stock was issued to and vested in the individual defendants in return for that *res.* Consequently, the stock, held by the individual defendants, constitutes the substituted *res* and, being of requisite character, may be impressed with a trust. (See 3 Scott on Trusts [1939], p. 2315.) While legal title is in the individual defendants, the *res* actually belongs, by operation of law, to American Distilling (see *Beatty* v. *Guggenheim Exploration Co.,* 225 N. Y. 380, 386; see, also, Restatement, Restitution, § 160), and, under the circumstances disclosed by the pleadings, '' equity's intervention is essential.'' (See *Sialkot Importing Corp.* v. *Berlin,* 295 N. Y. 482, 487; see, also, *Turner* v. *American Metal Co.,* 268 App. Div. 239; *Skinnell* v. *Mahoney,* 197 App. Div. 808; see, also, *United States* v. *Dunn,* 268 U. S. 121.)

The courts below indicated that, in their opinion, the two causes of action under consideration do not show that defendants profited from the offending transactions in an amount in excess of the loss to the corporation, and, that, in addition, the circumstance that plaintiffs sought an accounting did not determine that the action was equitable in nature. That being so, they concluded that the ten-year equitable statute of limitations did not apply. The necessity for an accounting alone does not, of course, warrant imposing the longer equity period of limitation, since accounting is merely a method of calculating the amount of damage and does not of itself stamp the action as equitable.

The true criterion is whether the remedy at law is adequate, whether equity's aid is demanded. In this case, the intervention of equity is, as stated above, essential for it is sought to strip the individual wrongdoers of specific property and to decree its restitution to its proper and equitable owner. Delinquent fiduciaries may not insist upon being left in possession of property wrongfully obtained on any theory that they could be compelled to pay damages by an action at law.

It follows, then, that the ten-year statute of limitations, provided for in section 53 of the Civil Practice Act, is applicable to the second and third causes of action insofar as the individual defendants, including defendant-respondent Siskind, are concerned.

As to defendant-respondent American Spirits, the charge is that business and services were improperly diverted and channeled to it from American Distilling. There is, of course, a difference between the diversion of business and services and the misappropriation of specific property. No distinct and traceable property has replaced this diverted business and diverted personal services, and they do not constitute a specific and identifiable *res*. To such interests, there is no legal title which may be deemed vested in the wrongdoer, and the value of the diverted services, funds and facilities of American Distilling is recoverable in the form of damages. In such a case, the remedy at law, a judgment for damages, would prove adequate. (See *Turner* v. *American Metal Co.*, 268 App. Div. 239, 273, *supra*; see, also, Restatement, Restitution, § 152.) Accordingly, the three and six-year statutes of limitations (Civ. Prac. Act, § 49, subd. 7; Civ. Prac. Act, § 48, former subd. 3), applicable to actions in which the gravamen is waste of corporate assets, apply to the claims asserted against American Spirits.

That does not, however, justify dismissing the causes of action insofar as they are directed against that corporation. Even though the three and six-year statutes apply to the claims against the corporation, the pleadings and papers before us leave doubt as to when the transactions complained of occurred. The suit was begun in May, 1942. While many of the transactions may have occurred more than six years before, some of them were, according to the complaint, committed in 1936 — the year in which the period was reduced from six years to three years

(L. 1936, ch. 558; see, also, *Corash* v. *Texas Co.*, 264 App. Div. 292, 295); and others were assertedly consummated in 1940, well within the " law action " statute. We share the view of the dissenting Appellate Division justices that such determination should await a fuller record, indicating with greater precision the dates of the transactions concerning which complaint is made.

As to the Siskind action, then, it is our conclusion that the determination of the Appellate Division must be reversed: that in favor of the individual defendant, on the ground that the ten-year statute of limitations is applicable; that in favor of the corporation, American Spirits, Inc., on the ground that it does not clearly appear from the record whether all or any of the transactions are barred by the applicable three and six-year statutes of limitations.

In the Brown case, the judgment of the Appellate Division and the order of Special Term dismissing the complaint should be reversed, with costs in all courts, and the motion for judgment on the pleadings denied. In the Siskind case, the judgments should be reversed, with costs in all courts, and the motion for summary judgment denied.

LOUGHRAN, Ch. J., LEWIS, DESMOND, THACHER and DYE, JJ.. concur; CONWAY, J., taking no part.

Judgments reversed, etc.