ANGELO D'APICE, Plaintiff, *v.* STANDARD OIL COMPANY (N. J.), Defendant.

Supreme Court, Special Term, Kings County, September 18, 1952.

*Harry I. Stein* for plaintiff.

*Walter X. Connor* for defendant.

KEOGH, J. Plaintiff seeks to vacate defendant's notice to examine plaintiff before trial. Prior to July 1, 1952, when rule 121-a of the Rules of Civil Practice became effective, the defendant was denied the right to examine plaintiff on two items by order of this court dated July 31, 1951. Because of the amendment to the above-mentioned rule of the Rules of Civil Practice the defendant now seeks the examination of the plaintiff on the same two items.

Plaintiff opposes defendant's asserted right to avail itself of the new rule not only on the ground, as stated, that an examination already has been had, but on the further ground

that the ruling of the court under the outstanding order constitutes the law of the case; also that, in waiting more than a year, defendant has been guilty of laches.

In *People ex rel. Central New England Ry. Co. v. State Tax Comm.* (261 App. Div. 416, 418) the court said: " It is unquestionably true that a statutory change in matters of procedure will affect pending actions and proceedings unless the language of the act excludes them from its operation. However, something more than the application of that proposition is involved here. This rule has been generally understood to refer only to those pending actions in which the procedural step changed by the new law has not yet been taken. The respondent contends, however, that the rule is so extensive that it may be used to validate a proceeding unauthorized by the prior statute. Such a construction, we think, is contrary to the necessity for consistent practice and has no support in authoritative decisions. Unless procedure is to be involved in chaos it must be governed by the law regulating it at the time the question of procedure arises. (*Southwick* v. *Southwick*, 49 N. Y. 510; *Lazarus* v. *Metropolitan Elevated Railway Co.*, 145 id. 581; *Matter of Reynolds*, 202 id. 430.) "

Motion to vacate, accordingly, is granted.