■ ANTHONY QUALTERE, Individually and as the Holder of Shares of Stock of the PASSWELL FOOD PRODUCTS COMPANY, INC., and All Other Shareholders Similarly Situated, Appellant, v. RICHARD PASSERINI et al., Respondents.— Appeal from a judgment of the Supreme Court, entered upon a decision of an Official Referee, which dismissed the complaint in a minority stockholder's

derivative action. The first cause of action is to impress a trust upon certain real property held in the names of defendants Passerini as tenants by the entirety and in large part purchased and improved with corporate funds; and to compel an accounting for the profits from such real property. By a second cause of action, plaintiff seeks to compel defendants Richard Passerini and Laura Fabiano to account for alleged acts of waste and mismanagement. Relief as against Richard Passerini under the first cause of action on account of the expenditures of corporate funds made prior to August 8, 1946 is barred by the six-year Statute of Limitations which governs a stockholder's action of this nature " against a director, officer or stockholder". (Civ. Prac. Act, § 48, subd. 8.) The concession that by reason of the limiting statute "Richard Passerini's interest in the property cannot now be reached by the Court" gives no effect to any transactions occurring after August 8, 1946. However, the concession for the purpose of argument is not necessarily controlling on the ultimate point of law in the case as to the Statute of Limitations; and we rule preliminarily, for the purposes of a new trial, that the statute has not necessarily run and we leave this question open. Since defendant Tessie Passerini was and is neither a director, officer or stockholder, the 10-year statute (Civ. Prac. Act, § 53), which has not run, is that applicable to the claim against her. (*Augstein* v. *Levey*, 3 A D 2d 595, affd. 4 N Y 2d 791; *Coane* v. *American Distilling Co.*, 298 N. Y. 197; *Gottfried* v. *Gottfried*, 269 App. Div. 413.) Her status is that of a "gratuitous donee" as to whom the rule has been stated: " Where a person acquires the title to property without notice that another has the equitable ownership of the property, but does not pay value, so that he is not in the position of a bona fide purchaser, he holds the property upon a constructive trust for the equitable owner." (4 Scott, Trusts [2d ed.], § 510.) As against such donee, recovery is not limited to the amount of the funds diverted to property in another form and the corporation may have recourse to the property itself, however greatly its value may have increased. (*Op. cit.*, 3 Scott, Trusts [2d ed.], § 292, pp. 2192–2193.) The second cause of action charges defendants Richard Passerini and Laura Fabiano, his daughter and a stockholder, officer and director, with various acts of waste and mismanagement, some 18 transactions or series of transactions being alleged. The claims arising out of two of these transactions were properly held to be barred by the Statutes of Limitation respectively applicable. Motions to dismiss, addressed to the remaining claims, were granted at the end of the plaintiff's case as to all but two and these two the Official Referee ultimately decided against plaintiff. Among the unlawful acts charged were the appropriation of corporate funds to defendant Passerini's personal use by charging to the business fictitious or excessive travel and entertainment expenses. As to these, the defendants offered no adequate explanation and thus failed to rebut the presumption and to sustain the burden imposed upon them as fiduciaries. (*Sage* v. *Culver*, 147 N. Y. 241, 247.) As respects these and certain other claims plaintiff was on a number of occasions unduly restricted in the presentation of proof and the record has not been sufficiently developed to enable us to determine the factual issues. Upon the new trial which thus becomes necessary, proof may be adduced in support of the allegations designated (a), (d), (e), (f), (h) and (m) of paragraph Eighteenth of the complaint. The order to be entered herein will restrict the new trial to the issues hereinbefore indicated. Judgment reversed, on the law and the facts, with costs to appellant, and a new trial ordered. Settle order. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.