OPINION OF THE COURT
Jacqueline W. Silbermann, J.
This is a motion to dismiss pursuant to CPLR 3211. The underlying action is to enforce an attorney’s lien. The action was commenced on or about the middle of January, 1984; the complaint is dated January 12,1984. Defendant’s motion to dismiss alleged several grounds. In this decision the court will deal with only one of the grounds. The others will be dealt with in a separate decision.
The defendant asserts that the amount in controversy, $19,500, exceeded the then existing jurisdictional limit of the Civil Court. On November 8, 1983, the voters of the State of New York passed a constitutional amendment increasing the jurisdiction of the Civil Court from $10,000 to $25,000. The amendment became effective January 1, 1984, which was prior to the commencement of this proceeding. However, the amendment contains certain language which is less than helpful to plaintiff.
Judge Israel Rubin, Administrative Judge of the Civil Court of the City of New York explained that the amendment while setting the court’s jurisdiction at $25,000 also contains the following language: “or such smaller amount as may be fixed by law” (NYLJ, Dec. 27, 1983, p 1, col 3). *594 Judge Rubin stated that the existing jurisdictional amount of $10,000 could be construed as a “smaller amount” and parties filing suits do so at their own risk. Nevertheless the court policy has been to accept complaints seeking damages in excess of $10,000.
It wasn’t until February 21, 1984 that the Governor signed into law enabling legislation increasing the jurisdictional limit. Chapter 11 of the Laws of 1984, amending CCA article 2, increased the monetary jurisdiction of the Civil Court to $25,000. The law stated, “This act shall take effect immediately.” (L 1984, ch 11, § 10.)
It is clear that all suits brought over after February 21, 1984, may ask up to $25,000 in damages and still be within the jurisdictional limit of the Civil Court. It is undisputed that the present suit was commenced prior to the passage of this enabling legislation. This court will decide whether the present action must be dismissed or if the increased jurisdiction granted this court by the constitutional amendment and the enabling legislation are sufficient to sustain jurisdiction.
The law relating to this issue is of long standing having been derived from the common law. It is both statutory and decisional in formulation. The general rule in New York State as stated by the Court of Appeals in the case Simonson v International Bank (14 NY2d 281, 289-290) is;
“Whether, and to what extent, such a procedural statute is to be accorded retroactive effect is normally a matter of ascertaining the legislative intent. Certain basic guidelines to that end are provided by our decisions. It is thus presumed, absent any contrary indication, that the Legislature intended ‘Changes in the form of remedies’, effective by a statute such as this, to be ‘applicable to proceedings thereafter instituted for the redress of wrongs already done.’ (Matter of Berkovitz v. Arbib & Houlberg, 230 N. Y. 261, 270; see, also, Coane v. American Distilling Co., 298 N. Y. 197, 204; Preston Co. v. Funkhouser, 261 N. Y. 140, 145.) But different considerations are involved and a ‘different problem arises’, this court wrote in the Berkovitz case (230 N. Y., at p. 270), ‘when proceedings are already pending. There is then a distinction to be noted. The [procedural] change is applicable even then if directed to *595 the litigation in future steps and stages * * * It is inapplicable, unless in exceptional conditions, where the effect is to reach backward, and nullify by relation the things already done’.
“In other words, while procedural changes are, in the absence of words of exclusion, deemed applicable to ‘subsequent proceedings in pending actions’ (Lazarus v. Metropolitan El. Ry. Co., 145 N. Y. 581, 585), it takes ‘a clear expression of the legislative purpose to justify’ a retrospective application of even a procedural statute so as to affect proceedings previously taken in such actions. (Coane v. American Distilling Co., 298 N. Y. 197, 204, 205, supra; see, also, Shielcrawt v. Moffett, 294 N. Y. 180, 188-189, 191; Southwick v. Southwick, 49 N. Y. 510, 517; People ex rel. Central New England Ry. Co. v. State Tax Comm., 261 App. Div. 416, 418.)”
The United States Supreme Court, in a decision by Mr. Justice Douglas, one year later restated this rule in another manner:
“To be sure, this cause of action arose, the complaint was filed, and the temporary injunction was issued before the New York statute became effective. The New York Court of Appeals has, however, indicated that where the suit is instituted after the effective date of the statute, the statute will normally apply to transactions occurring before the effective date. Simonson v. International Bank, 14 N. Y. 281, 290 * * * That court has further indicated that where, as in the instant case, the suit based on the prior transaction was pending on the effective date of the statute, ‘the new act shall — except where it “would not be feasible or would work injustice” — apply “to all further proceedings” in such actions....’4 Ibid. (Emphasis supplied.)
“[Note 4.] The Court of Appeals reached these conclusions on the basis of Civil Practice Law and Rules, § 10003, 7B McKinney’s Consol. Laws Ann., § 10003: ‘This act shall apply to actions hereafter commenced. This act shall also apply to all further proceedings in pending actions, except to the extent that the court determines that application in a particular pending action would not be feasible or would work injustice, in which event the former procedure applies. Proceedings pursuant to law in an action taken prior *596 to the time this act takes effect shall not be rendered ineffectual or impaired by this act.’ ” (United States v First Nat. City Bank, 379 US 378, 382, n 4.)
CPLR 10003, cited in the decision above, allows for retroactive application in certain circumstances. It must be a “further” proceeding in a “pending action”. However, if the court determines that the application would not be feasible or would work injustice it should not be applied.
This is clearly the result envisioned by the Legislature in passing CPLR 10003. The Legislative Studies and Reports section explaining CPLR 10003 (McKinney’s Cons Laws of NY, Book 7B, CPLR 10003, p 330) shows this clear intent when it states: “It expresses the common law and common sense rule that in procedural matters the new rule is applicable to all proceedings whenever commenced, while giving the court discretion to avoid injustice.”
In the instant case the complaint must be sustained against the jurisdictional attack and this court so decides on two grounds. The remedial and procedural legislation applies to the proceeding here, although commenced prior to its passage, as a “further proceeding * * * in [a] pending [matter]” (CPLR 10003). There have been no prior proceedings in this matter, only the serving and filing of the summons and complaint.
Since the present case has just been commenced and there are no prior proceedings to limit application, the jurisdictional change is relevant only to further proceedings. “If the amendment were only relevant to ‘future steps and stages’ of the litigation, it might be applicable (Matter of Berkovitz v Arbib & Houlberg)” (State of New York v Wolowitz, 96 AD2d 47, 62).
No injustice will result from allowing plaintiff to proceed. The amount of damages does not in any way affect defendant’s defenses or substantive rights. Plaintiff, if this motion were granted and the complaint dismissed, could immediately commence another action in this court. (The legislation is now clearly effective and the Statute of Limitations has not run.) To cause him to do so would be wasteful of both his and the court’s time and resources.
Allowing this suit to continue would further the public policy of this State. The passage of the constitutional *597 amendment and the enabling legislation both testify to the State’s policy. The fact that prior to institution of this suit the court agreed to accept suits seeking more than $10,000 in damages is a further indication of the State’s policy.
There is no prior decision of this court which would be affected, a factor both from the point of view of justice and feasibility. Finally, the defendant hasn’t yet submitted an answer. There is no need for any amendment to pleadings so it is quite feasible.
The second ground is that pursuant to Simonson v International Bank (supra, p 289) there is a presumption that legislation will apply to all after-commenced actions. “It is thus presumed, absent any contrary indication, that the Legislature intended ‘Changes in the form of remedies’, effected by a statute such as this, to be ‘applicable to proceedings thereafter instituted for the redress of wrongs already done.’ (Matter of Berkovitz v. Arbib & Houlberg, 230 N. Y. 261, 270; see, also, Coane v. American Distilling Co., 298 N. Y. 197, 204; Preston Co. v. Funkhouser, 261 N. Y. 140, 145)”.
This same presumption should apply equally to constitutional amendments. The present case was brought subsequent to and hence pursuant to the authority of the constitutional amendment which took effect January 1,1984. (If anything the constitutional amendment should have greater force since it directly reflects the collective will of the people of this State.)
It is said that “Equity regards that as done which should be done”. In these circumstances it would be futile and wasteful to dismiss on the basis of a nonprejudicial technicality.
For all of the above reasons this motion insofar as considered herein is denied.